2006-NMCA-126

143 P.3d 763

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Anthony ROMERO and Gerald Madrid
Bail Bonds, Defendants–
Appellants,**

**State of New Mexico, Plaintiff–Appellee,**

v.

**Tommy Martinez and Gerald Madrid Bail
Bonds, Defendants–Appellants.**

**Nos. 25,007, 25,008.**

Court of Appeals of New Mexico.

Aug. 10, 2006.

Certiorari Granted, No. 30,000, Oct. 3, 2006.

Patricia A. Madrid, Attorney General, Arthur Pepin, Assistant Attorney General, Santa Fe, NM, Max Shepherd, Assistant Attorney General, Albuquerque, NM, for Appellee.

Joseph N. Riggs, III, Albuquerque, NM, for Appellant Gerald Madrid Bonds.

**OPINION**

FRY, Judge.

{1} This bail bond case presents the question of whether a bail bond may be forfeited when a defendant appears in court as ordered but violates other conditions of release.

To answer this question we must resolve a conflict between a form promulgated by our Supreme Court and a statute. We conclude that the statute governs over the form because the statute creates a substantive right for the bail bond surety. Because the statute does not permit such a forfeiture, we reverse.

## BACKGROUND

{2} Defendants Romero and Martinez each violated conditions of their release on bail, but each appeared at all times before the district court as ordered. The district court in each case ordered the forfeiture of all or part of each Defendant's bond for violation of conditions of release. We note simply for reference that Romero's convictions for the charges giving rise to the bond and its forfeiture have both recently been reversed by this Court. *State v. Romero*, 2005–NMCA–060, ¶ 23, 137 N.M. 456, 112 P.3d 1113; *State v. Romero*, 2006–NMCA–045, 139 N.M. 386, 133 P.3d 842, *cert. granted*, 2006–NMCERT–004, 139 N.M. 429, 134 P.3d 120.

{3} The district court in each case used a release order and bond form that is similar to one promulgated by the Supreme Court in the Rules of Criminal Procedure, Form 9–303A NMRA. The bail bond company (Madrid) timely appealed from both forfeitures, claiming that forfeiture is allowed only when a defendant fails to appear and forfeiture is not allowed for any violations of conditions of release.

{4} We consolidated the appeals and certified this question to our Supreme Court as a question involving substantial public interest and a significant question of law under our constitution. The Supreme Court declined to accept our certification.

## DISCUSSION

■ {5} Interpretation of both a court rule and a statute are questions of law that we review de novo on appeal. *State v. Valles*, 2004–NMCA–118, ¶ 8, 136 N.M. 429, 99 P.3d 679 (opinion withdrawn by order of the Supreme Court but that order subse-quently rescinded by order dated March 29, 2006). We begin with a review of the relevant statute, rules, and forms governing bail bonds and their forfeiture.

■ {6} The applicable statute and rule of criminal procedure appear to focus on failure to appear as the triggering event for forfeiture of a bond. NMSA 1978, § 31–3–2 (1993) is titled: "*Failure to appear;* forfeiture of bail bonds." (Emphasis added.) It states that "[w]henever a person *fails to appear* at the time and place fixed by the terms of his bail bond, the court . . . may declare a forfeiture of the bail." § 31–3–2(B)(2) (emphasis added). The statute also states that "[i]f the court declares a forfeiture, it shall . . . declare such forfeiture *at the time of nonappearance.*" § 31–3–2(B)(2)(a) (emphasis added). Rule 5–406 NMRA governs bail bonds issued in district court and addresses forfeiture of a bond. It states that a forfeiture may be set aside by the court "upon a showing of good cause why the defendant *did not appear as required* by the bond." Rule 5–406(D) (emphasis added).[1]

{7} In contrast to the rule and the statute, the bond forms seem to permit forfeiture if the defendant violates a condition of release. Our Supreme Court has promulgated forms that must be used to issue a bail bond. *See* NMSA 1978, § 31–3–5 (1973) (stating that a court may only accept a bond from a paid surety if it is executed "on a form which has been approved by the [S]upreme [C]ourt"); Rule 5–401(O) NMRA (stating that instruments required by Rule 5–401 "shall be substantially in the form approved by the Supreme Court"). In the present cases, the district court used a bail bond form most similar to Form 9–303A, which is titled "Release Order and Bond." (We note that this form is intended for use in the magistrate, metropolitan, or municipal courts, and the State notes that in this case the parties appeared to use an older form.) Form 9–303A indicates the defendant's approval by stating, "If I fail to appear *or* if I violate a condition

---

**1.** Although this rule also states that "[i]f there is a breach of *condition of a bond,* the court may declare a forfeiture of the bail[,]" Rule 5–406(C) (emphasis added), it is unclear whether the term "condition" contemplates all conditions of re-lease or only the limited conditions set forth in Form 9–304 NMRA that we set out below; resolution of this question is not essential in this appeal.

of release, I understand that bond will be forfeited." (Emphasis added.) The forms used in these cases had similar language providing for forfeiture for a violation of any condition of release. Form 9–304 must be used when a corporate surety provides the bail bond. *See* Form 9–303A Use Note. It states:

> The *conditions* of this bond are that the above-named defendant is *to appear* as required.... *Further conditions* of the bond are that the defendant is not to depart the State of New Mexico, ... that the defendant is to abide by any judgment entered in such matter by surrendering himself to serve any sentence imposed and obeying any order or direction in connection with such judgment.

Form 9–304 (emphasis added). The form then provides that a court may forfeit a bond "for any breach of its conditions." *Id.* It does not appear from the record that Form 9–304 was actually used in these cases. We note that Form 9–303 NMRA, which is a somewhat longer bail bond form, also provides for forfeiture in the event of a failure to appear or for a failure to comply with conditions of release. Other forms appear to conflict on whether a forfeiture is contemplated for a violation of a condition unrelated to appearance. *Compare* Form 9–307 NMRA (setting out the form for notice of forfeiture of a bond, which states that "bail in this case has been forfeited because of a (failure of the defendant to appear before the court as required) (breach of condition of the bond)"), *with* Form 9–308 NMRA (describing, in an order to set aside a bail bond forfeiture, that "the following good cause has been shown why the defendant *failed to appear*" (emphasis added)).

{8} We view the statute and the required forms as being in direct conflict on whether forfeiture is permitted on the sole ground of violation of a condition of release. The rules do not aid in resolving this conflict because they simply mandate use of the forms and do not clearly address violations of which "conditions of bond" beyond non-appearance would justify forfeiture. Thus, the question presented is whether the form or the statute controls, because Section 31–3–2(B)(2) allows

forfeiture of a bond only for non-appearance, while Form 9–303A permits forfeiture for both a failure to appear and any failure to abide by conditions of release.

{9} The State contends that we can resolve this case by applying the rule that a bail bond is a type of contract and looking for the intent of the parties in the express terms of the order setting bond and conditions of release. *See Valles*, 2004–NMCA–118, ¶ 10, 136 N.M. 429, 99 P.3d 679 (stating that when a bondsman posts a bond, he is contracting with the state to guarantee the defendant's appearance as directed by the court); *see also State v. Ericksons*, 106 N.M. 567, 567–68, 746 P.2d 1099, 1099–1100 (1987) (stating that a bail bond is a type of contract, that the surety's undertaking depends on the wording of the agreement, and that a bond is subject to the rules of contract law and suretyship so as to give effect to the reasonable intentions of the parties). Madrid counters that it was not a party to the order setting conditions of release, which its agent did not sign, and that its bond merely states that "[D]efendant shall abide by the Order of the Court." We need not resolve this as a matter of contract law because we apply the rule that a bond incorporates the law in effect at the time the bond is executed and the terms of a bond may not broaden the liability of the parties beyond the liability contemplated by the law. *Valles*, 2004–NMCA–118, ¶ 11, 136 N.M. 429, 99 P.3d 679; *see also State v. United Bonding Ins. Co.*, 81 N.M. 154, 157, 464 P.2d 884, 887 (1970) (stating that "[t]he obligation of the surety is derived from the undertaking and from the laws of the state"). We conclude that the governing law is Section 31–3–2(B), which does not permit forfeiture for a violation of a condition of release.

{10} We held in *Valles* that where there was a conflict between a bail bond form prescribed by the Supreme Court and a statutory bail bond provision, the statute should govern because a substantive right was at stake. 2004–NMCA–118, ¶¶ 9, 14, 136 N.M. 429, 99 P.3d 679. In *Valles*, the conflict arose because the bail form allowed for forfeiture when the defendant failed to appear for sentencing after he had been found guilty, while the statute indicated that the

bail bond terminated upon an adjudication of guilt. *Id.* ¶¶ 5–6, 9. We concluded that the statute was not merely procedural but that it gave a substantive right to the bail bondsman in having his obligations terminate at the time the defendant is found guilty. *Id.* ¶¶ 9, 14. Because a substantive right was involved, we held that the statute governed over any conflicting form. *Id.* ¶ 14.

{11} Like *Valles,* these cases also involve a conflict between a prescribed bail bond form and a statute. We think a surety's risk under Section 31–3–2(B) is significantly more limited because the surety is only insuring the appearance of the accused, whereas under the form, the surety must insure that the behavior of the defendant conforms to all of the conditions of release, such as that the defendant not drink alcohol or violate any other law. Because the statute defines the boundaries of liability of a bondsman, we think it is substantive. *See Valles,* 2004–NMCA–118, ¶ 14, 136 N.M. 429, 99 P.3d 679 (stating that "[g]enerally, a substantive law creates, defines, or regulates rights while procedural law outlines the means for enforcing those rights").

{12} The forms used in these cases attempt to increase the risk to which a bail bondsman is exposed, contrary to the applicable statute. As in *Valles,* we conclude that the statute provides a substantive right to a bail bond surety by limiting the risks that the surety will assume. When a substantive right is at stake, the statute controls. *Id.* Because the bail bonds here were forfeited for violation of conditions unrelated to appearance before the court, those forfeitures were beyond the ambit of the statute, the statute controls, and these forfeitures must be reversed. This outcome is supported by our cases, which have emphasized that bail in New Mexico is primarily intended to insure a defendant's attendance before the court. *See State v. Gutierrez,* 2006–NMCA–090, ¶¶ 16– 17, 140 N.M. 157, 140 P.3d 1106 (explaining that the purpose of bail is to secure the defendant's attendance to submit to the punishment to be imposed by the court and that a defendant's interest in pretrial release must be balanced with "the State's interest in securing the defendant's appearance at trial and the interest in safeguarding the community"). We note that a court can order re-arrest and confinement for violation of a condition of release; thus, forfeiture of bail is not the only or even the most powerful tool available to the courts to ensure the safety of the community. *State v. Rivera,* 2003–NMCA–059, ¶ 20, 133 N.M. 571, 66 P.3d 344 (stating that "[c]onditions of release are separate, coercive powers of a court, apart from the bond itself. They are enforceable by immediate arrest, revocation, or modification if violated. Such conditions of release are intended to protect the public and keep the defendant in line"), *rev'd on other grounds,* 2004–NMSC–001, 134 N.M. 768, 82 P.3d 939; Rule 5–403 NMRA (providing the process whereby a court can, on its own motion or that of the district attorney, have a defendant re-arrested and revoke the defendant's release when the defendant has allegedly committed a serious crime while on pre-trial release).

## CONCLUSION

{13} The orders in both cases forfeiting bail are hereby reversed.

{14} **IT IS SO ORDERED.**

WE CONCUR: A. JOSEPH ALARID and MICHAEL E. VIGIL, Judges.