2007-NMSC-030

160 P.3d 914

**STATE of New Mexico, Plaintiff–Petitioner,**

v.

**Anthony ROMERO, Tommy Martinez, and Gerald Madrid Bail Bonds, Defendants–Respondents.**

**No. 30,000.**

Supreme Court of New Mexico.

June 1, 2007.

Gary King, Attorney General, Max Shepherd, Assistant Attorney General, Santa Fe, NM, for Petitioner.

Joseph Newton Riggs, III, Albuquerque, NM, for Respondents.

**OPINION**

BOSSON, Justice.

{1} In this appeal, we are called upon to resolve a conflict between a bail bond form promulgated by this Court and a statute governing forfeiture of bail bonds. We hold that the statute controls. *See* NMSA 1978, § 31–3–2 (as amended through 1993). We expressly adopt the reasoning of the Court of Appeals below, *State v. Romero*, 2006–NMCA–126, 140 N.M. 524, 143 P.3d 763, as

well as that court's previous opinion in *State v. Valles*, 2004–NMCA–118, 140 N.M. 458, 143 P.3d 496. In reliance on those opinions, we need only address the conflict summarily.

## BACKGROUND

{2} This appeal involves two consolidated cases. In both cases, Defendants violated the conditions of their release on bail, such as having contact with an alleged victim and violating state criminal law by committing residential burglary, but "each appeared at all times before the district court as ordered." *Romero*, 2006–NMCA–126, ¶ 2. The district court in each case ordered forfeiture of the bond for failure to comply with conditions of release other than failure to appear. *See id.* ¶ 3. The bail bond company timely appealed from both forfeitures, and the Court of Appeals reversed. *Id.* ¶¶ 3, 13. We accepted certiorari to decide whether a bond may be forfeited for violations of conditions of release other than failure to appear, and also to resolve some lingering confusion pertaining to *Valles*.

## DISCUSSION

{3} In each case, the release order and bond form used by the district court was similar to Form 9–303A NMRA, promulgated by this Court in our Rules of Criminal Procedure. *See Romero*, 2006–NMCA–126, ¶ 3. That form contains language indicating that a bond will be forfeited if the defendant fails to appear *or* violates a condition of his release. The statute governing forfeiture of bonds, on the other hand, is entitled "Failure to appear; forfeiture of bail bonds," and provides that "[w]henever a person fails to appear at the time and place fixed by the terms of his bail bond, the court … may declare a forfeiture of the bail." Section 31–3–2(B)(2). No statute authorizes forfeiture of bail for anything other than failure to appear. Thus, the statute and the form appear to be in direct conflict, the statute only indicating that a bond may be forfeited when the defendant fails to appear, and the form indicating that violations of other conditions of release will result in forfeiture.

{4} *Valles* addressed a similar conflict. In that case, Form 9–304 NMRA indicated that the surety's obligation would remain in effect until the bond was expressly "exonerated and discharged by the court." The relevant statute, however, provided that the bond automatically terminated when the defendant pled guilty and the court accepted the plea. *See* NMSA 1978, § 31–3–10 (1987). The Court of Appeals held that the statute was controlling and, thus, the surety's obligation ended upon the court's acceptance of the defendant's guilty plea. *Valles*, 2004–NMCA–118, ¶ 16. The opinion reasoned that "the bond [was] issued pursuant to statutory authority," and thus "the statutory requirements [were] deemed to be incorporated into the bond." *Id.* ¶ 11. Further, because the obligation of a surety is defined by law, the court held that the statute described a substantive right, and therefore, when a Supreme Court form is in conflict with the statute, the statute will trump. *Id.* ¶ 14.

{5} There have been some doubts surrounding the *Valles* opinion stemming from this Court's order rescinding that opinion shortly after it was published. *See Valles*, 2004–NMCA–118, *Editor's Note. That order was later withdrawn and the opinion was republished. *Id.* We take this opportunity to dispel any doubts and expressly adopt Judge Vigil's careful analysis, and that of Judge Fry in this case, of the interaction between this Court's bail bond form and the statutes governing forfeiture of bail bonds. *Valles* was correct that a statute describing a substantive right will prevail over any conflicting terms in this Court's forms, and its holding gives appropriate recognition to New Mexico public policy encouraging bondsmen to enter into bail contracts. 2004–NMCA–118, ¶ 12. Viewed in light of this policy, Section 31–3–2 properly limits the grounds for forfeiture to failure to appear. If the statute were interpreted otherwise, a surety would be required to insure against a wide range of behaviors, including a defendant's consumption of alcohol, possession of weapons, contact with victims, and disobedience of the law in general. This is clearly an unacceptable risk that no surety would be expected to take.

{6} For these reasons, we affirm the Court of Appeals, which relies on *Valles* in holding that Section 31–3–2 allows forfei-

ture only for failure to appear. *See Romero*, 2006–NMCA–126, ¶¶ 10–12. In accordance with the Court of Appeals, we now hold that the terms of a bond that broaden the liability of a party beyond the liability contemplated by statute are ineffective. The bonds in this case should not have been forfeited because, pursuant to Section 31–3–2, violations of Defendants' conditions of release other than failure to appear were not grounds for forfeiture. We urge the Rules of Criminal Procedure Committee to make the necessary modifications to Forms 9–304 and 9–303A, as well as other forms that may be in conflict with Section 31–3–2, in accordance with *Valles* and this case. *Cf.* Form 9–302 NMRA and Form 9–303.

## CONCLUSION

{7} We affirm the Court of Appeal's reversal of the orders forfeiting bail in both cases.

{8} **IT IS SO ORDERED.**

WE CONCUR: EDWARD L. CHÁVEZ, Chief Justice, PAMELA B. MINZNER, PATRICIO M. SERNA, and PETRA JIMENEZ MAES, Justices.