This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**WILLIE H. BREWER and ANNA NITA BREWER,**

    Plaintiffs-Appellees,

v.                              **NO. 29,688**

**TADEUSZ NIEMYJSKI,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**John W. Pope, District Judge**

Steider & Associates, P.C.
Timothy D. Steider
Albuquerque, NM

for Appellees

Tadeusz Niemyjski
Meadow Lake, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

Defendant Tadeusz Niemyjski appeals the district court's judgment ordering him to vacate real property and to pay damages, costs, and attorney fees. On September 1, 2009, this Court filed a notice of proposed summary disposition proposing to affirm the district court. Defendant filed a memorandum in opposition to summary disposition, which we have given due consideration. We affirm the district court.

Defendant argues that it was error for the district court to allow Plaintiffs Willie H. and Anna Nita Brewer to sue him as individuals rather than as trustees of the Brewer Family Trust. Rule 1-017(A) NMRA provides: "Every action shall be prosecuted in the name of the real party in interest; but [a] trustee of an express trust . . . may sue in that person's own name without joining the party for whose benefit the action is brought."

"Interpretation of both a court rule and a statute are questions of law that we review de novo on appeal." *State v. Romero*, 2006-NMCA-126, ¶ 5, 140 N.M. 524, 143 P.3d 763, *aff'd,* 2007-NMSC-030, 141 N.M. 733, 160 P.3d 914. "In interpreting a Supreme Court rule of procedure, we look first to the rule's plain language." *Gates v. State, Taxation & Revenue Dept.*, 2008-NMCA-023, ¶ 10, 143 N.M. 446, 176 P.3d 1178. "If the rule is unambiguous, we give effect to its language and refrain from

further interpretation." *In re Michael L.*, 2002-NMCA- 076, ¶ 9, 132 N.M. 479, 50 P.3d 574. "[The rules of civil procedure] shall be construed and administered to secure the just, speedy and inexpensive determination of every action." Rule 1-001(A) NMRA.

We conclude that the language of Rule 1-017(A) is unambiguous, and thus the Brewers, who are trustees of an express trust, could sue in their own names without specifying their capacity as trustees. Accordingly, we affirm the district court.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**RODERICK T. KENNEDY, Judge**