553 P.2d 1293

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Glen T. EASTERLING, Defendant-Appellant.**

**No. 2522.**

Court of Appeals of New Mexico.

Aug. 24, 1976.

Jan A. Hartke, Acting Chief Public Defender, Donald Klein, Jr., Acting Appellate Defender, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Raymond Hamilton, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant was convicted of failure to appear in district court, in violation of § 41–3–8(A), N.M.S.A.1953 (2d Repl.Vol. 6, 1975 Supp.). The statute reads: "Any person released pending trial or appeal in any criminal action who willfully fails to appear before any court or judicial officer as required: A. is guilty of a fourth degree felony, if he was released in connection with a felony charge . . . ." Defendant raises the question: required to appear *by whom*? This contention is dispositive; accordingly, we do not reach other issues raised by defendant.

Defendant was arrested for possession of more than eight ounces of marijuana. The arrest occurred December 16, 1975. A criminal complaint was filed the same day in magistrate court. The narcotics agent, the assistant district attorney, the defendant's attorney and defendant reached an agreement concerning disposition of the charge. The disposition was by a plea bargain and was to be presented to the district court at approximately 10:00 a. m. on December 17, 1975. The magistrate was informed of the agreement and the proposed district court disposition. The magistrate released defendant on his own recogni-

zance. The magistrate testified that he would not have gone along with a recognizance release except for his understanding that the charge would be disposed of in district court the following day.

Defendant did not appear in district court as he had agreed to do; he left town on the evening of December 16th. The evidence fully sustains a willful failure to appear before the district court. The dispositive question is whether defendant was required to appear at the time he agreed to appear.

There is no evidence that any district judge or district court official had required defendant to appear. The transcript indicates that no proceedings against defendant had been filed in or transferred to the district court; that neither the district judge nor any district court official knew about the agreement. There is no evidence that any process had been issued by or filed with the district court directing defendant to appear—no notice, no summons, no subpoena.

The magistrate testified that he did not order the defendant to appear in district court; that although the district court appearance was discussed in his presence, he had no involvement in the agreement to appear. The magistrate's recognizance release provided that defendant was not to leave Tucumcari until released by court order; the release did not require defendant to appear in district court on the following day. All the release does is refer to an appearance "as required". The magistrate testified that he had no direct discussion with the defendant concerning a district court appearance; that if such a discussion had occurred it would have been a condition of the release order. The trial court finding that the magistrate "adopted" an appearance requirement as a part of the recognizance release is not supported by substantial evidence.

■ Although attorneys are officers of the court, we have not been referred to authority under which attorneys can require the appearance of an individual before a court unless authorized to do so by court process, court rule or enabling legislation. Nor have we been referred to authority under which an assistant district attorney can require a court appearance of a defendant in a criminal case absent some enabling authority.

The requirement to appear in criminal cases is usually by court process. Section 41–1–4, N.M.S.A.1953 (2d Repl.Vol. 6, 1975 Supp.); N.M.R.Crim.P. 14, 15, 16, 17, and 20. There is statutory authority for a law enforcement officer to issue a citation to appear in petty misdemeanor cases. See § 41–1–6, N.M.S.A.1953 (2d Repl.Vol. 6, 1975 Supp.). We assume that a judge's verbal order to appear would amount to a required appearance. See *United States v. Guerrero*, 517 F.2d 528 (10th Cir. 1975). We also assume, but do not decide, that a promise to a judge to appear at a specified time could amount to a "required" appearance if further action by the judge took the promise into account. We have none of the above in this case.

■■ Whether defendant failed to appear "as required", depends, in this case, on defendant's oral promise to the attorneys that he would appear. Such a promise is insufficient under the facts of this case to amount to a "required" appearance.

The judgment and sentence for failure to appear are reversed. The cause is remanded with instructions to dismiss the charge of failure to appear for lack of evidence that defendant was "required" to appear.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.