1998-NMCA-147

965 P.2d 949

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Howard FOSTER, Defendant–Appellant.**

**No. 19083.**

Court of Appeals of New Mexico.

Sept. 15, 1998.

Tom Udall, Attorney General, Steven S. Suttle, Assistant Attorney General, Albuquerque, for Plaintiff–Appellee.

Phyllis H. Subin, Chief Public Defender, Nancy M. Hewitt, Assistant Appellate Defender, Santa Fe, for Defendant–Appellant.

*OPINION*

APODACA, Judge.

{1} Defendant appeals a bench trial conviction of failure to appear, a fourth-degree felony. *See* NMSA 1978, § 31–3–9 (1973). He raises two issues on appeal: (1) Defendant's failure to appear did not violate Section 31–3–9 because a probation hearing is not a criminal proceeding; and (2) even if Section 31–3–9 applies, a petty misdemeanor is the greatest offense of which he could be convicted. We determine that, under the plain meaning of the statute's terms, a probation revocation hearing is not a criminal action or proceeding. For that reason, we hold that Section 31–3–9 is not applicable to probation revocation hearings. We therefore reverse with instructions to dismiss the indictment against Defendant. In view of our disposition, we need not reach Defendant's second issue.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

{2} While Defendant was on probation for the felony of cocaine trafficking, he was arrested for alleged violations of the probation conditions. These allegations involved certain administrative violations by Defendant, as well as misdemeanor charges filed against him in Texas. The State filed a motion to revoke Defendant's probation, and Defendant did not appear at the probation violation hearing. A grand jury indicted him for failure to appear.

{3} Defendant filed a motion to dismiss the criminal charge against him or to reduce it to a misdemeanor. He argued the inapplicability of Section 31–3–9 because he was not released pending a criminal trial. Rather, Defendant contended, he was released pending a hearing on a probation violation, which he analogized to an administrative hearing and not a criminal proceeding. He also argued that the State based its motion to revoke his probation on alleged misdemeanors, not felony charges. The trial court denied Defendant's motion and convicted him of failure to appear.

## II.  DISCUSSION

### A.  Standard Of Review

■ {4}  We review the construction of a statute de novo. *See State v. Arellano,* 1997–NMCA–074, ¶ 3, 123 N.M. 589, 943 P.2d 1042.

### B.  Applicability Of Section 31–3–9

■ {5}  Defendant argues that Section 31–3–9 does not apply to his failure to appear for his probation violation hearing because such a hearing is not a criminal proceeding. We agree.  Section 31–3–9 provides:

*Any person released pending trial or appeal in any criminal action* who willfully fails to appear before any court or judicial officer as required:

A.  is guilty of a fourth degree felony, if he was released in connection with a felony charge; or

B.  is guilty of a petty misdemeanor, if he was released in connection with a charge of a misdemeanor or a petty misdemeanor.

(Emphasis added).

{6}  Defendant was not "released pending trial or appeal in any criminal action." *Id.* Rather, Defendant was on probation for his cocaine trafficking conviction.  He failed to appear for his probation revocation hearing.  A probation violation hearing is not a criminal proceeding.  *See Morrissey v. Brewer,* 408 U.S. 471, 480, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) ("[T]he revocation of parole is not part of a criminal prosecution. . . ."); *State v. DeBorde,* 1996–NMCA–042, ¶ 8, 121 N.M. 601, 915 P.2d 906 ("As a general rule, proceedings to revoke probation are not considered to be part of a criminal prosecution. . . .").  Instead, this Court has analogized probation revocation proceedings to administrative hearings.  *See De-Borde,* 1996–NMCA–042, ¶ 8, 121 N.M. 601, 915 P.2d 906. A defendant's limited rights in a parole revocation support this analogy. *See Morrissey,* 408 U.S. at 480, 92 S.Ct. 2593 ("[T]he full panoply of rights due a defendant in a [criminal prosecution] does not apply to parole revocations."); *State v. Sanchez,* 94 N.M. 521, 523, 612 P.2d 1332, 1334 (Ct.App.1980).

{7}  Consequently, we hold that Section 31–3–9 does not apply to Defendant's failure to appear at his probation revocation hearing under the plain meaning of the statute.  *See State ex rel. Helman v.. Gallegos,* 117 N.M. 346, 352, 871 P.2d 1352, 1358 (1994).

{8}  The State argues that Defendant was awaiting trial because the revocation proceeding questioned the original judgment and sentence for cocaine trafficking.  We disagree.  Our Court in *Sanchez,* 94 N.M. at 523, 612 P.2d at 1334, explained that "[a] hearing on revocation of probation or parole is *not a trial on a criminal charge,* but is a hearing to determine whether, during the probationary or parole period, the defendant has conformed to or breached the course of conduct outlined in the probation or parole order." (Emphasis added).

{9}  The State contends that our holding will negatively effect other criminal procedures in the event of escape during the time between conviction and sentencing, imprisonment and delayed surrender, and appeal and mandate.  We disagree.  For example, our Court in *State v. Peppers,* 110 N.M. 393, 400, 796 P.2d 614, 621 (Ct.App.1990), held that a trial is considered pending after a jury conviction but before sentencing.  Additionally, our rationale, based on case law stating that a probation revocation is not a criminal proceeding, does not extend to the State's hypothetical situations.  Our task is to give effect to the plain meaning of the statute, as written.  Even if our construction of the statute "leaves significant gaps in the steps commonly taken in a criminal case," as argued by the State, that is a matter for the legislature to correct.

{10}  Contrary to the State's assertion, our holding does not undermine legislative intent or public policy.  In *State v. Thompson,* 57 N.M. 459, 464, 260 P.2d 370, 373 (1953), our Supreme Court stated:

The cardinal rule in the construction of a statute is to ascertain the intention of the Legislature as it is expressed in the words of the statute. . . . The law, it is true, in its tenderness for life and liberty, requires that penal statutes shall be strictly construed, by which is meant that courts will

not extend punishment to cases not plainly within the language used.

The State argues that the legislature intended Section 31-3-9 to provide an additional penalty for disobeying the court's direction to appear and answer. The plain meaning of the statute, however, applies this penalty only to those "released pending trial or appeal in any criminal action." Section 31-3-9. Our case law makes clear that a probation revocation proceeding is not a criminal proceeding. It follows that Defendant was not released "pending trial or appeal in any criminal action."

### III. CONCLUSION

{11} In summary, we conclude that the trial court improperly convicted Defendant of violating Section 31-3-9. We hold that Defendant's failure to appear at his probation revocation hearing did not fall within the scope of the statute. We therefore reverse with instructions to dismiss the indictment against Defendant.

{12} **IT IS SO ORDERED.**

ALARID and BUSTAMANTE, JJ., concur.