1999-NMCA-019

974 P.2d 156

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**Eutimio SOLANO, Defendant–Appellee.**

**No. 19,110.**

Court of Appeals of New Mexico.

Oct. 19, 1998.

Certiorari Denied, No. 25,468, Dec. 7, 1998.

Tom Udall, Attorney General, Margaret McLean, Assistant Attorney General, Santa Fe, for Appellant.

Phyllis H. Subin, Chief Public Defender, Nancy M. Hewitt, Assistant Appellate Defender, Santa Fe, for Appellee.

*OPINION*

APODACA, J.

{1} The State appeals from dismissal of the criminal charges against Defendant under Rule 5–604(B)(5) NMRA 1998 (providing for criminal trial within six months of the date of the defendant's arrest for failure to appear) (the six-month rule). According to the State, the trial court should have commenced calculation of the six-month rule from the date when New Mexico authorities arrested Defendant and took him into custody rather than the date of his arrest in Colorado by Colorado authorities. We disagree and therefore affirm the trial court's dismissal.

## I. FACTUAL AND PROCEDURAL BACK-GROUND

{2} Defendant was charged with four crimes. On December 20, 1996, the trial

court issued a bench warrant for Defendant because of his failure to appear for trial on the charges. Colorado authorities arrested Defendant in Colorado on April 24, 1997, as a fugitive based on the warrant. Five days later, Defendant waived extradition. New Mexico authorities arrested Defendant and took him into custody on May 2, 1997.

{3} The State requested a trial setting and calculated that the time for trial under Rule 5–604(B)(5) expired on November 2, 1997, asserting that the six-month period began to run on May 2, 1997, when New Mexico authorities took custody of Defendant. The trial court set trial for October 29, 1997.

{4} Defendant later demanded a speedy trial and moved to dismiss the charges with prejudice. He argued that the six-month period commenced on April 24, 1997, when Colorado authorities arrested him. Under Defendant's calculation, the six-month period expired on October 24, 1997, five days before the scheduled trial. The trial court agreed and dismissed the charges against Defendant with prejudice.

## II. DISCUSSION

### A. Standard Of Review

{5} We review the application of Rule 5–604(B)(5) de novo. *See State v. Cleve*, 1997–NMCA–113, ¶ 5, 124 N.M. 289, 949 P.2d 672, *cert. granted*, 124 N.M. 312, 950 P.2d 285 (holding that "[s]tatutory construction is a question of law reviewed de novo on appeal").

### B. Effect Of The Colorado Arrest

{6} On appeal, the State continues to argue that the six-month period began with the New Mexico arrest. Relying on arrest procedure and extradition law, the State asserts that "arrest" under Rule 5–604(B)(5) means arrest and custody by New Mexico authorities invoking New Mexico's jurisdiction. The State notes that a warrant instigated Defendant's arrest. "[T]he relevant rules of criminal procedure clearly contemplate that an arrest warrant is served by arresting the defendant, meaning by taking him into physical custody and bringing him before the court." *State v. McDonald*, 113 N.M. 305, 308, 825 P.2d 238, 241 (Ct.App.

1991). The warrant establishes jurisdiction over the accused. *See State v. Barreras*, 64 N.M. 300, 303, 328 P.2d 74, 76 (1958). The State also contends that only New Mexico authorities can serve the warrant. *See* Rule 5–210(A) NMRA 1998 (directing warrants to "a full-time salaried state or county law enforcement officer, a municipal police officer, a campus security officer or an Indian tribal or pueblo law enforcement officer"). Because the Colorado arrest did not fulfill these procedural and jurisdictional functions, the State reasons that the Colorado arrest did not trigger the six-month rule.

{7} The State next argues that New Mexico did not have jurisdiction over Defendant until the New Mexico arrest occurred because Defendant was a fugitive. *See* NMSA 1978, § 31–21–15(C) (1989) (if a "warrant for the return of a probationer cannot be served, the probationer is a fugitive"). Consequently, the State contends that New Mexico could obtain jurisdiction over Defendant only through extradition procedures. *See McDonald*, 113 N.M. at 310, 825 P.2d at 243 (Hartz, J., specially concurring) (noting that an arrest warrant issued by a New Mexico court is not authority to seize a person in another state and return him or her to New Mexico). The State concludes that Defendant became subject to New Mexico law after he waived extradition and New Mexico authorities took custody of him.

{8} Finally, the State asserts that Rule 5–604(B) is a jurisdictional provision because all of the triggering events for the six-month rule (except the date of arrest) depend exclusively on the trial court's actions. These events include dates concerning arraignment, finding of incompetency, mistrial, filing of mandate, filing of notice of termination of a preprosecution program, and withdrawal or rejection of a plea. *See id.* In this case, the State reasons that the arrest of Defendant by New Mexico authorities provided the trial court with jurisdiction.

{9} Defendant, on the other hand, relies on case law in which an out-of-state arrest triggered the six-month rule. In *State v. Jacquez*, 119 N.M. 127, 129, 888 P.2d 1009, 1011 (Ct.App.1994), this Court began the six-month period under Rule 5–604(B)(5) with

the date of the defendant's arrest in Nevada. Similarly, in *State v. Dominguez*, 91 N.M. 296, 299, 573 P.2d 230, 233 (Ct.App.1977), this Court stated that the earliest commencement of the six-month period was the date of the defendant's arrest in California.

{10} Neither the State's nor Defendant's arguments are dispositive. On the one hand, the State's cited authorities do not directly address the application of Rule 5–604(B)(5). On the other hand, neither *Jacquez*, 119 N.M. at 129, 888 P.2d at 1011, nor *Dominguez*, 91 N.M. at 299, 573 P.2d at 233, directly determined whether the date of arrest in another jurisdiction or the date of return to New Mexico triggered the six-month period.

{11} Instead, we consider the plain meaning of the rule. *See State v. Eden*, 108 N.M. 737, 741, 779 P.2d 114, 118 (Ct.App. 1989) (reading Rule 5–604(B) according to its plain meaning). "Our role is to discern and give effect to the author's intent." *Id.* Because Rule 5–604(B)(5) does not define arrest, we interpret its ordinary meaning. *See id.* The definition of arrest is "to seize or take into custody by authority of the law." *Webster's New World Dictionary* 76 (3d ed.1991). The State does not dispute that Colorado authorities arrested Defendant on the New Mexico warrant for failure to appear. Defendant was seized and lost his freedom when taken into custody by the Colorado authorities.

{12} Our holding is consistent with the purpose of the rule "to assure prompt disposition of criminal cases, not to effect dismissals by technical applications of the rule." *Eden*, 108 N.M. at 741–42, 779 P.2d at 118–19. Contrary to the State's position, "[t]he rule does not speak in terms of the trial court's jurisdiction," but of the date of the defendant's arrest.

## III. CONCLUSION

{13} Under Rule 5–604(B)(5), we hold that the six-month period began to run from the date of Defendant's arrest in Colorado. Consequently, Defendant's trial date was un-

timely. We affirm the trial court's dismissal of the charges against Defendant.

{14} **IT IS SO ORDERED.**

ALARID and WECHSLER, JJ., concur.