This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellant,**
**v.**
**ARCHIE MAX MANZANARES,**
**Defendant-Appellee.**

No. A-1-CA-36193

COURT OF APPEALS OF NEW MEXICO

February 26, 2019

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY, Cristina T. Jaramillo, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM, John Kloss, Assistant Attorney General, Albuquerque, NM, for Appellant

Bennett J. Baur, Chief Public Defender, Douglas B. Wood III, Assistant Appellate Defender, Santa Fe, NM, for Appellee

**JUDGES**

MEGAN P. DUFFY, Judge. WE CONCUR: J. MILES HANISEE, Judge, JULIE J. VARGAS, Judge

**AUTHOR:** MEGAN P. DUFFY

**MEMORANDUM OPINION**

**DUFFY, Judge.**

**{1}**     The district court dismissed the criminal charges against Defendant without prejudice as a sanction for the State's failure to timely arraign him. On the State's

appeal, we conclude that the district court applied an incorrect analysis to determine the appropriateness of the sanction. Accordingly, we reverse and remand for further proceedings.

**BACKGROUND**

**{2}** Following an earlier dismissal of the State's case without prejudice, Defendant was re-indicted on September 21, 2016, on automobile burglary and related charges. A notice of arraignment was sent to Defendant the next day, scheduling the arraignment for October 3, 2016. Soon after the issuance of the notice of arraignment, the district court entered an order to transport, directing the Sandoval County Detention Center (SCDC) to transport Defendant to the Bernalillo County Metropolitan Detention Center (MDC) prior to the arraignment. The transport order mistakenly indicated that the arraignment was to take place on October 7, 2016.

**{3}** Defendant was not present for his arraignment on October 3, 2016. When the State alerted the district court to the erroneous date in the transport order, the district court asked the State, "So what are you requesting? That I move it to [October 7, 2016]?" The prosecutor replied, "I'm not requesting anything, Your Honor. I'm just bringing it to the [c]ourt's attention." The district court continued the hearing to October 7, 2016, and notice was again sent to Defendant. At the October 3, 2016 hearing, there was no discussion of the time limitations for arraignments imposed by either Rule 5-303(A) NMRA (requiring a defendant to be arraigned within fifteen days of "the filing of the information or indictment or the date of arrest, whichever is later"), or local rule LR2-400(C)(1) NMRA (2014) (setting forth a ten-day time frame within which out-of-custody defendants must be arraigned and a seven-day time frame for in-custody defendants).[1]

**{4}** On October 7, 2016, Defendant was not present for the second arraignment setting. Defense counsel stated that Defendant "was originally listed as in custody, but wasn't transported. We've looked in MDC. We don't see him—see him as being listed there." After verifying the addresses used by Defendant, defense counsel requested that the arraignment be reset and the arraignment was again continued.

**{5}** A third arraignment was attempted on October 21, 2016. Notice of arraignment was mailed to Defendant, this time to an alternative address provided by defense counsel, and the State sought another order to transport Defendant from SCDC to MDC. Again, Defendant was not present. Having realized by then that Defendant was not in custody, the State requested and the district court issued a bench warrant. Defendant was ultimately arraigned on December 2, 2016, having been arrested on another matter on October 23, 2016, and transported from SCDC to MDC on November 21, 2016, pursuant to the bench warrant.

**{6}** Defendant moved to dismiss for failure to timely arraign him.[2] In its response, the State noted that it "called both [SCDC] and [MDC]" and determined that Defendant was not in custody on the date the indictment was filed, and was not incarcerated until he

was arrested on October 23, 2016. Although the State's response was timely filed, the district court did not appear to have reviewed it prior to the hearing:

The court:    Ok, this was a motion filed by defense with regard to failure to arraign Defendant timely. [State's counsel,] have you reviewed that?

The State:    Yes, Your Honor, I have reviewed it and I did file a response.

The court:    Ok. Why don't you just tell me what it is since I don't have it.

The State:    Oh, I apologize. . .

The court:    That's okay, no, I'm sure it's somewhere.

The State:    I have a copy if you'd like to. . .

The court:    No, [be]cause what we're going to talk about is dates, so let's see where we agree and where we disagree on dates.

**{7}**    The district court granted the motion and dismissed the matter without prejudice, reasoning that even if the State was uncertain as to whether or not Defendant was in custody on October 3, 2016, it should have requested a bench warrant in order to extend the fifteen-day arraignment deadline. *See* Rule 5-209(B) NMRA; *State v. Littlefield*, 2008-NMCA-109, ¶ 12, 144 N.M. 655, 190 P.3d 1150 (holding that issuance of a bench warrant for failing to appear restarted the allotted time for commencement of trial under the former six-month rule). Defendant asked the district court to apply the local rule and dismiss the case with prejudice, but the court declined to do so, based on its stated view that the purpose and scope of the rule was limited to addressing discovery issues. In its written order, the district court dismissed the case without prejudice based upon "the State's failure to timely arraign Defendant within [fifteen] days of indictment in accordance with [Rule] 5-303."

**DISCUSSION**

**{8}**    The State asks us to reverse the district court's dismissal for a number of reasons, which we consolidate and address as follows. First, we conclude that the local rule, and not the New Mexico Rules of Criminal Procedure, governs both the time limitations and the propriety of sanctions in this case. Second, that in determining whether dismissal was an appropriate remedy under the local rule, the district court was required to assess (1) the State's culpability, (2) prejudice to the defendant, and (3) the availability of lesser sanctions. *See State v. Le Mier*, 2017-NMSC-017, ¶ 15, 394 P.3d 959; *State v. Harper*, 2011-NMSC-044, 150 N.M. 745, 266 P.3d 25. Because there is little evidence of culpability on the part of the State and Defendant made no showing of prejudice, we reverse the district court's dismissal and remand for reinstatement of the charges.

## I.    Standard of Review

**{9}**    We review the district court's decision to dismiss for untimely arraignment, pursuant to Rule 5-303, de novo. *State v. Sanchez*, 2000-NMCA-061, ¶ 7, 129 N.M. 301, 6 P.3d 503 (applying de novo review to question of whether district court should have dismissed for untimely arraignment, pursuant to the former six-month rule under Rule 5-604 NMRA); *State v. Lohberger*, 2008-NMSC-033, ¶ 18, 144 N.M. 297, 187 P.3d 162 ("Since the issues we address involve interpretation of court rules, . . . our standard of review is de novo."). But we review the imposition of sanctions under the local rule for abuse of discretion. *State v. Lewis*, 2018-NMCA-019, ¶ 5, 413 P.3d 484 (applying abuse of discretion review to imposition of sanctions under the local rule), *cert. denied*, 2018-NMCERT- ___ (No. S-1-SC-36798, Jan. 9, 2018); *State v. Lucero*, 2017-NMCA-079, ¶ 14, 406 P.3d 530 (reviewing imposition of sanction of dismissal without prejudice under the local rule for abuse of discretion), *cert. denied*, 2017-NMCERT- ___ (No. S-1-SC-36448, Aug. 3, 2017).

## II.    The Local Rule Applies

**{10}**    The State contends that the district court erred by applying Rule 5-303 instead of the local rule in granting Defendant's motion to dismiss. We agree, but in this circumstance the difference is immaterial to the timeliness of Defendant's initial arraignment date or the tardiness of the date on which Defendant was in fact arraigned.

**{11}**    The local rule, promulgated on November 6, 2014, as "a special pilot rule" applicable in the Second Judicial District Court, provided strict case management deadlines for *all* criminal cases filed or pending in that court. The New Mexico Supreme Court made clear that the local rule superseded any conflicting, generally-applicable Rule of Criminal Procedure, stating that "[t]he Rules of Criminal Procedure for the [d]istrict [c]ourts and existing case law on criminal procedure continue to apply to cases filed in the Second Judicial District Court, *but only to the extent they do not conflict with this pilot rule*." LR2-400(A) (2016) (emphasis added).

**{12}**    When the motion to dismiss was decided, the time limitation for arraignment under the local rule—ten days for out-of-custody defendants—conflicted with the fifteen-day arraignment deadline specified in Rule 5-303. In this case, however, the conflicting deadlines only resulted in a one-day difference in the applicable deadline: the last day to timely arraign Defendant under the local rule was October 5, 2016, as opposed to October 6, 2016, under Rule 5-303.[3] LR2-400(C)(1) (2016); Rule 5-104(A)(2) NMRA (2014) (excepting triggering date, intermediate weekends, and legal holidays from time calculation when stated period is ten days or less); Rule 5-303 (requiring arraignment within fifteen days from the date of indictment). Under both rules—the binding local rule and the otherwise applicable rule of criminal procedure—the initial arraignment setting on October 3, 2016, was timely and the actual arraignment date of December 2, 2016, was not.

## III.    Sanctions for Failure to Timely Arraign

**{13}** We next address the consequence of the untimely arraignment. It is well settled that the local rule requires the district court to impose sanctions when a party fails to comply with any of its provisions. LR2-400(I)(1) (2016) ("If a party fails to comply with any provision of this rule or the time limits imposed by a scheduling order entered under this rule, the court *shall* impose sanctions as the court may deem appropriate in the circumstances and taking into consideration the reasons for the failure to comply." (emphasis added)). Yet, while imposition of sanctions is mandatory, the district court has discretion regarding the type of sanction to impose. *See id.* (providing that "the court shall impose sanctions as the court may deem appropriate in the circumstances and taking into consideration the reasons for the failure to comply"); *see also Le Mier*, 2017-NMSC-017, ¶ 20 (explaining that the decision to issue a discretionary sanction "requires our courts to navigate an array of concerns and to exercise their discretionary power with practical wisdom and due care"). That discretion, however, is guided by prior procedural precedent to the extent it does not conflict with the local rule. *Lewis*, 2018-NMCA-019, ¶ 8 (stating that existing case law provides guidelines for assessing sanctions under the local rule as long as no conflict exists).

**{14}** Citing *Harper*, the State argues that the district court abused its discretion by failing to consider culpability, prejudice, and lesser sanctions in evaluating the appropriateness of dismissal here. 2011-NMSC-044, ¶ 2 (applying this analysis to evaluate the appropriateness of the severe sanction of witness exclusion). Shortly after the State filed its appeal, our Supreme Court decided *Le Mier*, which clarified the applicability and import of *Harper*. *See Le Mier*, 2017-NMSC-017, ¶ 20. ("Courts must evaluate the considerations identified in *Harper*—culpability, prejudice, and lesser sanctions— . . . and must explain their decision . . . within the framework articulated in *Harper*, but it is not the case that [a severe sanction is] justified only if all of the *Harper* considerations weigh in favor of [the sanction]."). We have since considered the interplay of *Le Mier* with the local rule and found no conflict, stating that "culpability, prejudice, and lesser sanctions are appropriate tools for evaluating the type of sanction that the district court may impose." *Lewis*, 2018-NMCA-019, ¶ 8. Although *Harper*, *Le Mier*, and *Lewis* are all addressed toward "severe" sanctions such as dismissal with prejudice or witness exclusion, we observe that the analytical framework articulated in these cases does not occur after-the-fact based on the level of sanction the district court deems appropriate; instead, it is the framework the court must work through to arrive at the appropriate sanction, and this analysis may in some instances lead the court to lesser sanctions. The analysis is no less appropriate or important in these instances. For these reasons, we conclude it is appropriate to apply the *Harper/Le Mier* considerations here.[4]

**{15}** Applying *Harper/Le Mier*, we first address culpability and the State's argument that it had no duty to timely arraign the Defendant. We disagree with the premise, as the district court and the parties all play a role in effecting a timely arraignment. The district court shoulders the initial responsibility to set the arraignment within the time frame required by our rules of procedure. *See Sanchez*, 2000-NMCA-061, ¶ 9 ("We cannot completely absolve the trial court of responsibility [to schedule timely arraignment]."). The State, for its part, has a duty to arrange for transport of in-custody defendants and

to seek a bench warrant if a defendant does not appear. *See* LR2-308(H)(5) (2018) ("[T]he court may impose a sanction if the failure to transport was attributable to the prosecutor's failure to properly prepare and serve a transportation order if so required."). And, of course, the defendant has a duty to appear.

**{16}** Nevertheless, the State's culpability in this case, if any, was slight. Any missteps attributable to the State stemmed from its mistaken belief—one apparently shared by all concerned—that Defendant was initially in custody. This caused confusion about the proper arraignment deadline and caused slight delay in discovering that Defendant was actually failing to appear for his arraignments. This mistake also contributed to the State's failure to timely seek a bench warrant. The State can also be faulted for failing to notify the district court at the first scheduled arraignment on October 3, 2016, that the deadline would expire before the rescheduled arraignment on October 7, 2016. In juxtaposition, Defendant's repeated failures to appear for the various arraignment settings were the primary cause of the untimely arraignment. Defendant does not allege on appeal that he was in custody during the time period covered by the three October 2016 arraignment settings or that the State had a duty to transport him, but failed to do so. Nor does Defendant allege that there was any defect in the mailing or contents of the notices of arraignment. And Defendant cannot dispute that he would have been timely arraigned if he had attended the initial arraignment scheduled for October 3, 2016. This factor weighs strongly against dismissal. *See generally State v. Jackson*, 2004-NMCA-057, ¶ 15, 135 N.M. 689, 92 P.3d 1263 ("The sanction of dismissal punishes the public, not the prosecutor, and results in a windfall to the defendant." (internal quotation marks and citation omitted)).

**{17}** Likewise, Defendant made no claim or showing of prejudice in his motion or at the hearing, even though we have long required the defendant to show prejudice in seeking dismissal of an indictment for untimely arraignment. *See State v. Budau*, 1973-NMCA-151, ¶ 5, 86 N.M. 21, 518 P.2d 1225 (holding that where the defendant did not show that "his defense was prejudiced in any way by the delay" an untimely arraignment did not merit dismissal); *State v. Coburn*, 1995-NMCA-063, ¶ 7, 120 N.M. 214, 900 P.2d 963 ("[The d]efendant concedes that a technical violation of the . . . arraignment period . . . will not justify dismissal in the absence of a showing of prejudice"), *superseded by rule on other grounds by* Rule 5-604; *see also Sanchez*, 2000-NMCA-061, ¶ 11 (affirming the district court's denial of a defendant's motion to dismiss where the delayed arraignment was due to a judicial recusal and not any intentional delay by the state). In circumstances where a defendant is not prejudiced in his or her ability to present a defense, we have found that dismissal is improper even where an arraignment is delayed several months. *See Coburn*, 1995-NMCA-063, ¶¶ 4, 12 (reversing dismissal although arraignment was delayed by four months); *Sanchez*, 2000-NMCA-061, ¶¶ 2, 8 (affirming grant of the state's motion for extension of time in a case where arraignment was delayed by seven months). Granted, these cases were decided in a pre-local-rule legal landscape, but we find them to be instructive nonetheless, particularly given the circumstance presented herein: limited culpability on the part of the State and a record devoid of a showing of prejudice by Defendant.

**{18}** Finally, while the sanction of dismissal without prejudice is not severe on its face, it is nevertheless inappropriate in the absence of culpable conduct on the part of the State or prejudice to Defendant. We conclude that the district court erred by ordering dismissal and remand for reinstatement of the charges and further proceedings., In light of this result, we do not consider the parties' remaining arguments.

**CONCLUSION**

**{19}** For the foregoing reasons, we reverse the district court and remand for further proceedings.

**{20}  IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JULIE J. VARGAS, Judge**

---

1The local rule was recompiled as LR2-308 NMRA, effective December 31, 2016, pursuant to Supreme Court Order No. 16-8300-015. The applicable portions of the local rule did not change until January 15, 2018.

2In Defendant's motion to dismiss, he argues that the in-custody deadline was violated but offered no evidence that he was in custody at that during the relevant time period.

3Defendant does not allege on appeal that he was in custody when he was indicted, so we do not consider the seven-day deadline provided in LR2-400 for in-custody defendants.

4We note that the amended version of the local rule is in accord with our conclusion and now expressly requires that "[a]ny court order of dismissal with or without prejudice or prohibiting a party from calling a witness or introducing evidence shall be in writing and include findings of fact regarding the moving party's proof of and the court's consideration of [the sanction limitation] factors." LR2-308(H)(6) (2018).