This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40108**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**HOWARD GALLEGOS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF COLFAX COUNTY**
**Melissa A. Kennelly, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}** Defendant appeals from the district court's order denying his motion to dismiss for failure to adhere to the time limits for commencing trial set forth in Rule 6-506 NMRA. We issued a notice of proposed disposition, in which we proposed to summarily affirm. Defendant filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** "[T]he six-month rule [is] to be construed in a common-sense and untechnical manner." *State v. Littlefield*, 2008-NMCA-109, ¶ 11, 144 N.M. 655, 190 P.3d 1150. "[W]e avoid technical dismissals where the equities and a common sense approach

advise against a dismissal." *State v. Candelario*, 2008-NMCA-119, ¶ 7, 144 N.M. 794, 192 P.3d 789; *see also State v. Martinez*, 2011-NMSC-010, ¶ 9, 149 N.M. 370, 249 P.3d 82 ("[W]e have previously expressed our dissatisfaction with the number of highly technical dismissals under the six-month rule. We have also observed that hyper-technical adherence to the six-month rule undercuts the strong public policy that favors resolving criminal cases on their merits." (citation omitted)).

**{3}** In his memorandum in opposition, Defendant contends the magistrate court failed to adhere to Rule 6-506 because it did not enter the required findings until after the initial six-month period had expired. [MIO 9-10, 13] However, the magistrate court's order resetting the trial, which was clearly entered as a result of the unanticipated court closure, was entered before the time limits expired and the magistrate court subsequently entered the required findings. [MIO 4-6] *See* Rule 6-506(C)(5) (permitting the magistrate court to extend the time for commencement of trial "upon a determination by the court that exceptional circumstances exist . . . and a written finding that the defendant would not be unfairly prejudiced"). As the district court acknowledged, nothing within the rule requires the trial court to enter its findings within a specific time. [MIO 6-7; RP 83] We additionally observe when the magistrate court entered its order resetting the trial, Defendant's recently-filed motions were pending and the continuance he sought was effectively granted. *Cf.* Rule 6-506(C)(2), (5) (permitting a defendant to seek an extension of time and discussing the required finding that a defendant would not be prejudiced). To the extent Defendant asserts the weather closure cannot constitute an extraordinary circumstance under the rule [MIO 9], we disagree. Although inclement weather is not included in the nonexhaustive examples listed in the committee commentary, the complete closure of the courts due to weather can reasonably constitute a "circumstance[] that ordinary experience or prudence would not foresee, anticipate, or provide for." Rule 6-506 comm. cmt.

**{4}** Based on the foregoing, we conclude that the district court correctly recognized that Defendant's requested dismissal was "based on a technical argument" and that dismissal was inappropriate under the circumstances of this case. [RP 82-84] *See Littlefield*, 2008-NMCA-109, ¶ 11 ("[W]hen the facts of the case can be interpreted such that the six-month rule is not violated and when the trial court so interprets them, a dismissal in such circumstances would effectuate the sort of technical dismissal upon which the law frowns." (internal quotation marks and citation omitted)); *cf. id.* ¶ 13 (noting that in several "cases in which our courts have eschewed a technical interpretation of the rule, the state could have gotten an extension of the six-month limitation, but it did not even seek one").

**{5}** Defendant's memorandum in opposition has not otherwise convinced us that our initial proposed disposition was erroneous. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our

courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{6} Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

{7} **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**JANE B. YOHALEM, Judge**