Certiorari Granted, No. 32,069, December 29, 2009

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2010-NMCA-003**

**Filing Date: October 19, 2009**

**Docket No.  28,665**

**STATE OF NEW MEXICO**,

 **Plaintiff-Appellant,**

**v.**

**ELISEO SANTOS MARTINEZ**,

 **Defendant-Appellee.**

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Stephen D. Pfeffer, District Judge**

Gary K. King, Attorney General
Anita Carlson, Assistant Attorney General
Santa Fe, NM

for Appellant

Hugh W. Dangler, Chief Public Defender
Eleanor Brogan, Assistant Appellate Defender
Santa Fe, NM

for Appellee

## OPINION

**ROBLES, Judge.**

**{1}** The State appeals a district court order dismissing four felony charges against Eliseo Santos Martinez (Defendant), pursuant to Rule 5-604 NMRA (six-month rule).  On appeal, the State argues that (1) Rule 5-604(B)(5) does not require a bench warrant to be issued for a new six-month period to begin, but instead "merely requires that the defendant fail to appear" to a court setting; (2) the district court erred in determining that if a bench warrant

1

is quashed before a defendant is arrested or surrenders, there can be no triggering event for a new six-month period under Rule 5-604(B)(5); and (3) that although the issue was not preserved, this Court should reverse under fundamental error analysis because the district court did, in fact, orally grant a time extension that was never memorialized. We disagree and affirm.

## I.    BACKGROUND

**{2}**    On January 5, 2007, Defendant was indicted for (1) aggravated burglary contrary to NMSA 1978, Section 30-16-4(C) (1963); (2) aggravated battery contrary to NMSA 1978, Section 30-3-5(C) (1969); (3) conspiracy to commit aggravated burglary contrary to NMSA 1978, Section 30-28-2 (1979); and (4) conspiracy to commit aggravated battery contrary to Section 30-28-2. Defendant was arraigned on February 9, 2007, with trial set for July 17, 2007. On June 12, 2007, Defendant filed an unopposed motion to continue and a petition for a three-month extension of the six-month rule that was granted by the district court. The new rule date became November 9, 2007. On October 22, 2007, neither Defendant nor his attorney made an appearance in court for a docket call. The prosecutor requested that a bench warrant be issued for Defendant's failure to appear, and the district court replied that "a warrant will issue on [Defendant]." The record reveals, however, that the bench warrant was not issued until November 20, 2007, eleven days after the rule date ran and twenty-nine days after Defendant's failure to appear.

## II.    DISCUSSION

**{3}**    On appeal, the State argues that the district court's dismissal resulted from an overly technical application of the six-month rule that is not supported by case law or justified by the equities of this case. Alternatively, the State argues that, even if a warrant must be issued before the rule expires, it would lead to unreasonable results and situations where defendants may benefit from their failure to appear. Additionally, the State argues that the district court orally granted a three-month extension of time in this case and, although all parties apparently forgot about the extension, this Court should reverse under fundamental error analysis. We address each issue in turn.

### A.    Issuance of the Bench Warrant

**{4}**    The district court's application of the six-month rule is reviewed under a de novo standard, but determinations by the district court regarding questions of fact are reviewed for substantial evidence. *See State v. Rayburns*, 2008-NMCA-050, ¶ 7, 143 N.M. 803, 182 P.3d 786.

**{5}**    The rules of criminal procedure for district courts, magistrate courts, metro courts, and municipal courts contain limits regarding the time for the commencement of a defendant's criminal trial. *See* Rule 5-604; Rule 6-506 NMRA; Rule 7-506 NMRA; Rule 8-506 NMRA. The rules require that a defendant's trial commence within six months of a triggering event. *See id.*; *State v. Carreon*, 2006-NMCA-145, ¶ 6, 140 N.M. 779, 149 P.3d 95. We have therefore interpreted the time limits for commencement of trial as mandatory.

2

**{6}** Rule 5-604(B)(5) states, in pertinent part, that "[t]he trial of a criminal case or habitual criminal proceeding shall be commenced six (6) months after whichever of the following events occurs latest . . . if the defendant is arrested or surrenders in this state for failure to appear, the date of arrest or surrender of the defendant." Where there is a failure to bring a defendant to trial within the relevant time frame given any extensions granted under the rule, "the information or indictment filed against such person *shall be dismissed with prejudice*." Rule 5-604(F) (emphasis added).

**{7}** At the outset, we note that New Mexico case law has interpreted the time limit in Rule 5-604 as "bright-line[d]" and mandatory and yet has also recognized that courts are to apply the rule with common sense to avoid effecting a hyper-technical dismissal. *See State v. Jaramillo*, 2004-NMCA-041, ¶¶ 1, 8-17, 135 N.M. 322, 88 P.3d 264 (discussing the conflicting policies underlying how to apply the rule and reviewing cases that applied various views of the time limit) (internal quotation marks and citation omitted). Rule 5-604(F) contains a strongly worded provision for non-compliance within the time limit. *Id.* ("In the event the trial . . . does not commence within the time specified . . . the information or indictment . . . shall be dismissed."). The purpose of Rule 5-604(F) has been interpreted as guarding "against lack of preparedness on the part of the state." *Rayburns*, 2008-NMCA-050, ¶ 8. However, our cases have also stated that "when the facts . . . can be interpreted such that the six-month rule is not violated and when the trial court so interprets them, a dismissal in such circumstances would effectuate the sort of technical dismissal upon which the law frowns." *State v. Littlefield*, 2008-NMCA-109, ¶ 11, 144 N.M. 655, 190 P.3d 1150 (internal quotation marks and citation omitted). These dual and seemingly conflicting policies can be reconciled by noting that the rule is intended for "ease of application," *State v. Lobato*, 2006-NMCA-051, ¶ 30, 139 N.M. 431, 134 P.3d 122, and that "[t]he crux of the six-month rule is promptness" in bringing a defendant to trial. *State v. Dominguez*, 2007-NMCA-132, ¶ 22, 142 N.M. 631, 168 P.3d 761.

**{8}** The question this Court must address is whether Defendant's failure to appear at a docketing call or the district court's oral statement that a warrant would issue can be categorized as a "tolling event" that stopped the six-month clock from running. On December 21, 2007, Defendant filed a motion to dismiss for violation of Rule 5-604 and to quash the warrant. Defendant argued that no extension of time was filed, no exceptional circumstances existed and, as of the rule date of November 9, 2007, no triggering event described under the rule had occurred. A hearing was held on the motion at the conclusion of which the district court issued an order of dismissal, stating that "[t]he . . . Rule 5-604 time limits set in this case expired on November 9th, 2007[, and the] criminal action must be dismissed pursuant to . . . Rule 5-604." This was proper.

**{9}** The State argues that the rule provides for a new six-month period to bring Defendant to trial as a consequence for his failure to appear and the issuance of a bench warrant. New Mexico case law, however, has previously held that a defendant's failure to appear was not an event that by itself could toll the running of the six-month period under Rule 5-604(B)(5), nor is it an event that can trigger a resetting of the period. *See State v. Granado*, 2007-NMCA-058, ¶¶ 21, 27, 141 N.M. 575, 158 P.3d 1018. In *Granado*, the defendant made an appearance in court several hours late after the court had already stated

that a warrant would be issued. *Id.* ¶¶ 4, 5. After the defendant arrived and explained that his delay was for good cause, the court stated the warrant would be cancelled. *Id.* ¶ 5. Subsequently, the defendant's trial was held outside of the original six-month rule date, and the defendant moved to dismiss. *Id.* ¶ 6. Upon review, this Court concluded that because a warrant was never actually filed, no warrant was ever issued. *See id.* ¶¶ 9, 15-17, 25 ("When the judge later announced he was going to 'cancel' the bench warrant, there was nothing to cancel. His case note to 'cancel the bench warrant' was nothing more than a note to his chambers not to issue the bench warrant he had earlier said he had intended to issue."). Because there was no warrant, there was no new triggering event that could reset the defendant's six-month rule period under Rule 5-604(B)(5). *See Granado*, 2007-NMCA-058, ¶¶ 21, 27.

**{10}** It is the State's obligation, not Defendant's, to establish that a bench warrant is actually issued if it intends to rely on its assertion that the latest triggering event under Rule 5-604(B) was a bench warrant being issued for failure to appear. *See Granado*, 2007-NMCA-058, ¶ 18. Likewise, in *Granado*, this Court did not determine that the defendant's failure to appear tolled the running of the six months. Holding otherwise would introduce situations where a defendant's failure to appear could toll the six-month period while, at the same time, the clock would continue to run under *Granado* if a warrant was never obtained. This could result in a defendant's six-month period expiring with the possibility that the State could obtain a warrant at some future time. This is not the law. The State is not permitted to pursue the issuance of a warrant at its leisure after the six-month time period has expired. *See* Rule 5-604(B) (providing six months for the commencement of trial); Rule 5-604(F) (stating that an information or indictment shall be dismissed with prejudice if the trial is not commenced within the applicable time period); *see also State v. Yates*, 2008-NMCA-129, ¶ 13, 144 N.M. 859, 192 P.3d 1236 ("A six-month rule means six months, not six months plus some additional period to be determined on a case-by-case basis."), *cert. granted*, *State v. Savedra*, 2008-NMCERT-009, 145 N.M. 257, 196 P.3d 488; *Granado*, 2007-NMCA-058, ¶ 18 (holding that it is the state's obligation to establish that a bench warrant is successfully issued).

**{11}** Similar to *Granado*, in the instant case a warrant was not issued during the applicable six-month period. Likewise, Defendant's failure to appear by itself is not a recognized triggering event under Rule 5-604(B), and it would be inconsistent for this Court to conclude that it is a tolling event. As we observed in *Granado,* when a defendant fails to appear, a court may or may not issue a warrant. *See* 2007-NMCA-058, ¶ 23 (noting that the court has discretion as to whether a bench warrant will be issued for failure to appear); *see also* Rule 5-209(B) NMRA ("If a defendant fails to appear in person . . . the court *may* issue a warrant for the defendant's arrest." (emphasis added)); Rule 5-208(B) NMRA ("The warrant *shall* be signed by the court." (emphasis added)).

**{12}** The State relies on *Littlefield* for the proposition that Defendant's failure to appear for the docket call "caused his trial not to be held within the [r]ule date [which] makes it reasonable to give the state another six months." We are unpersuaded. In *Littlefield*, the defendant was released on furlough from jail to get medical attention, and he subsequently did not return to jail. 2008-NMCA-109, ¶ 2. The defendant was arrested following an

issued warrant within the six-month period, and the question was raised as to whether a bench warrant for failure to return to jail was similar to a bench warrant for failure to appear in court for purposes of resetting the six-month time period under Rule 5-604(B)(5). *Littlefield*, 2008-NMCA-109, ¶ 5. This Court concluded:

> [B]ecause the district court vacated the trial date *as a result of the bench warrant*, we believe it is most consistent with the wording of the rule as applied to the facts of this case to hold that Rule 5-604(B)(5) operated to begin the running of the six-month rule anew when Defendant was *arrested on the warrant* for his failure to appear.

*Littlefield*, 2008-NMCA-109, ¶ 12 (emphasis added).

**{13}** We are cognizant of the fact that the Supreme Court of New Mexico changed Rule 5-604(F) by Supreme Court Order No. 08-8300-052, effective November 24, 2008, to read that "[i]n the event the trial . . . does not commence within the time specified in Paragraph B of this rule . . . the information or indictment filed against such person *may be dismissed with prejudice or the court may consider other sanctions as appropriate.*" (Emphasis added.) This does not support the State's case. The State contends that although this amendment became effective after the district court's dismissal, it is an indicator to the Supreme Court's interpretation of the six-month rule. We view the situation differently. In *Duran v. Eichwald*, the case that prompted the Supreme Court to "immediately suspend[] the provisions in Paragraph F of the rule as part of [the] ruling from the bench at the conclusion of the hearing," the court specifically stated: "Of course, if the trial of the case is not commenced on or before the deadline allowed by this Court [November 24, 2008], the matter *shall* be dismissed with prejudice." 2009-NMSC-030, ¶ 15, 146 N.M. 341, 210 P.3d 238 (emphasis added); *see also* Supreme Court Order No. 08-8300-052 (pronouncing the amendment to be effective November 24, 2008); *but see* Supreme Court Order No. 09-8300-032 (amending Rule 5-604 and approved provisionally for one year effective September 1, 2009). The Supreme Court's ruling underscores two points. First, that the court interpreted Rule 5-604(F) to mandate dismissal if a trial on a case is not commenced by the six-month time deadline. Second, that in announcing the new amendment, the Supreme Court held that the amendment would only apply to those cases where a trial was not commenced after November 24, 2008. Neither point assists the State.

**B.      The District Court's Oral Granting of a Time Extension**

**{14}** We now turn to the State's argument that this Court should reverse under fundamental error analysis because the district court did, in fact, orally grant a time extension that was never memorialized. On September 21, 2007, a pretrial conference was held in which neither Defendant nor counsel for Defendant appeared. The record reveals that Defendant's first counsel had withdrawn more than a month earlier, and Defendant was unrepresented until October 12, 2007. The State did not request a warrant, but orally requested an extension to the six-month rule to allow Defendant and whomever Defendant's new counsel would be time to prepare for trial, and the district court orally stated that a three-month extension would be granted. Between September 21, 2007 (the pretrial

5

conference date) and November 9, 2007 (the rule date), no extension was filed with the district court or entered into the record. Following Defendant's December 21, 2007 motion to dismiss for violation of the rule date, the State filed a response in which no argument about the September 21, 2007 oral extension was made. At the April 7, 2008 hearing on the motion to dismiss, the State again neglected to argue the oral extension. Finally, in the brief-in-chief, the State mentions that "neither the parties nor the district court later remembered this oral grant of an extension" and that, although there is no mention of it below in the context of the motion to dismiss and the issue was not preserved, this Court should decide the issue as involving fundamental error "to avoid a miscarriage of justice."

**{15}** "Parties alleging fundamental error must demonstrate the existence of circumstances that 'shock the conscience,' or implicate a fundamental unfairness within the system that would undermine judicial integrity if left unchecked." *State v. Cunningham,* 2000-NMSC-009, ¶ 21, 128 N.M. 711, 998 P.2d 176 (internal quotation marks and citation omitted). "The doctrine of fundamental error is applied only under extraordinary circumstances[.]" *State v. Maestas*, 2007-NMSC-001, ¶ 8, 140 N.M. 836, 149 P.3d 933. "[W]e also recognize that another strand runs through the fundamental error doctrine that focuses less on guilt and innocence and more on process and the underlying integrity of our judicial system." *State v. Barber*, 2004-NMSC-019, ¶ 16, 135 N.M. 621, 92 P.3d 633.

**{16}** Generally, an oral ruling by a district court is not final and, in only certain exceptions, is not binding. *See State v. Vaughn*, 2005-NMCA-076, ¶ 15, 137 N.M. 674, 114 P.3d 354. Our courts have previously held that appeals from anything other than an actual order or judgment signed by a judge and filed with the court will not stand. *See Smith v. Love*, 101 N.M. 355, 356, 683 P.2d 37, 38 (1984); *see also State v. Page*, 100 N.M. 788, 793, 676 P.2d 1353, 1358 (Ct. App. 1984) (concluding that an oral ruling is ineffective to adjudge a defendant incompetent to stand trial); *State v. Sanders,* 96 N.M. 138, 142, 628 P.2d 1134, 1138 (Ct. App. 1981) (holding that an oral ruling is ineffective to deprive a defendant of custody of the child). However, in *State v. Guzman*, this Court held that a district court may extend the time to commence trial in an oral ruling when the written order was drafted by the State and filed after the rule period had expired. 2004-NMCA-097, ¶¶ 8-12, 136 N.M. 253, 96 P.3d 1173. However, in *Guzman*, we balanced the state's failure to file a verified petition and the district court's late written order with the defendant's actions as a whole and the need for the continuance. *See id.* ¶¶ 11-13. In that case, the original district court judge had died, a new prosecutor was assigned to the case, and the judge pro tempore, who was juggling over thirty scheduled jury trials, had granted an *unopposed* motion to continue, as well as orally granted a time extension to the rule date that was ultimately memorialized after the six-month period. *See id.* ¶¶ 2-8.

**{17}** We distinguish *Guzman* from the immediate case by noting that here there was not an extension to the six-month period filed later or otherwise after the September 21, 2007 oral statements of the district court. The State had forty-nine days to file an extension before expiration of the rule date and ninety-one days before Defendant ultimately filed his motion to dismiss. The State simply did not act. Defendant's third counsel on this case, however, entered his appearance on December 4, 2007, with no knowledge that an extension had been

6

requested or granted and filed the motion to dismiss on December 21, 2007, to which the State never argued until this appeal that a previous extension had been granted.

**{18}** In balance, we decline to hold that Defendant's actions measured against the State's failure within the context of a need for an extension to the rule date rise to a level of fundamental error. The State has the burden of bringing a defendant to trial within the time required by the rule. *See id.* ¶ 11 (stating that the prosecutor, not the defendant, had the duty to take appropriate action to bring the case to trial); *see also Zurla v. State*, 109 N.M. 640, 644, 789 P.2d 588, 592 (1990) (stating that a defendant does not have a duty to bring himself to trial), *modified on other grounds by State v. Garza*, 2009-NMSC-038, 146 N.M. 499, 212 P.3d 387.

## III.    CONCLUSION

**{19}**    For the above reasons, we affirm the district court's order of dismissal.

**{20}    IT IS SO ORDERED.**

 

 

_____
**ROBERT E. ROBLES, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Judge**

_____
**MICHAEL E. VIGIL, Judge**

**Topic Index for *State vs. Martinez*, No. 28,665**

| **AE** | **APPEAL & ERROR** |
|---|---|
| AE-FE | Fundamental Error |
| AE-SR | Standard of Review |
| AE-SB | Substantial or Sufficient Evidence |
| | |
| **CA** | **CRIMINAL PROCEDURE** |
| CA-AE | Arrest Warrant |
| CA-CP | Criminal Procedure, General |
| CA-DF | Delay in Filing |
| CA-DC | Dismissal of Charges |
| CA-RD | Right to Speedy Trial |
| CA-SY | Stay of Proceedings |
| CA-TL | Time Limitations |