This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

**v.**                                  **No. 33,752**

**RANDALL GILMORE,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, Jr., District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

{1}    Defendant appeals his conviction for fourth degree felony fraud, which was enhanced due to his habitual offender status. [RP 58] Defendant specifically contests the enhancement of his sentence by four years rather than one. Our notice proposed

to affirm and Defendant filed a memorandum in opposition. We remain unpersuaded by Defendant's arguments and therefore affirm.

{2}     Defendant continues to argue that the district court erred in re-sentencing him and that "the original sentence should have remained in place" [DS 3; MIO 1], and refers to *State v. Franklin*, 1967-NMSC-151, ¶ 9, 78 N.M. 127, 428 P.2d 982, and *State v. Boyer*, 1985-NMCA-029, ¶ 24, 103 N.M. 655, 712 P.2d 1, in support of his argument. [DS 3; MIO 2] As addressed in our notice, Defendant entered into a plea agreement where he pled guilty to fraud and to having three felony convictions, two of which would be used for enhancement. [RP 33, 34] At the initial December 13, 2013, sentencing hearing, the district court referenced only one of the two sentence enhancements agreed upon in the plea agreement. [RP 44-45, 33] Given this apparent oversight, Defendant maintains that the judgment and sentence [RP 48] improperly sentences him for the two agreed-upon sentencing enhancements. [DS 3; MIO 2]

{3}     Defendant's argument is not persuasive, because the plea agreement specifically contemplates that two of his prior felony convictions would be used for enhancement [RP 33, 34] and because any oral statement made by the judge at the sentencing hearing was not binding. *See generally State v Jaramillo*, 2004-NMCA-041, ¶ 27, 135 N.M. 322, 88 P.3d 264 (recognizing that it is well settled that an oral ruling is merely evidence of what a judge intends to do, it is not binding, and it can be changed at any

time before a written order is filed). Moreover, after the initial December 13, 2013, sentencing hearing, the State filed its January 21, 2014, motion for re-sentencing, where it pointed out the judge's apparent oversight in referencing only one of the two agreed-upon enhancements. [RP 46] Another sentencing hearing was held [RP 51], at which time the judge noted the oversight and stated his intention to sentence Defendant as contemplated by the parties in the plea agreement. [RP 51] *See generally State v. Freed*, 1996-NMCA-044, ¶ 8, 121 N.M. 569, 915 P.2d 325 (providing that the habitual offender enhancement "is mandatory if the prosecutor exercises discretion to pursue the enhancement").

{4}     Because the written judgment and sentence imposes the enhanced sentence agreed upon in the plea agreement, we conclude that no sentencing error took place. In so concluding, we disagree that the written judgment and sentence somehow violated Defendant's expectation of finality [MIO 2], because Defendant did not have any reasonable expectation of finality in a sentence that was not in conformance with the plea agreement and had not yet been reduced to writing. We affirm.

{5}     **IT IS SO ORDERED.**


_____

**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

3

_____

**JAMES J. WECHSLER, Judge**


_____

**TIMOTHY L. GARCIA, Judge**